IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACK HAGANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:14-CV-02965 |
| | § | |
| INTEGRATED PRODUCTION | § | |
| SERVICES, INC., AND | § | |
| WARRIOR ENERGY | § | |
| SERVICES, CORP., | § | |
| | § | |
| Defendants. | § | |

**<u>DEFENDANTS' MOTION TO TRANSFER VENUE</u>**

Defendants Integrated Production Services, Inc. and Warrior Energy Services Corporation (collectively, "Defendants") request that the Court transfer this case to the United States District Court for the Western District of Pennsylvania.

### I.   Nature of the Case

This is a single plaintiff Fair Labor Standards Act ("FLSA") case. The Plaintiff, Jack Hagans, worked for Defendants as a coil tubing operator exclusively in Pennsylvania during the time period at issue in his Complaint. He contends that Defendants improperly classified him as an exempt employee under the FLSA and failed to pay him due overtime wages. Defendants denied those contentions in their Answer. Defendants now move to transfer venue. This case should be transferred to the United States District Court for the Western District of Pennsylvania, where a similar—indeed, practically identical—FLSA collective action is already proceeding against these same Defendants, and has been pending for a year and a half. Notably, Plaintiff did not notify

1

the Court of this earlier filed, similar Pennsylvania case in the Civil Action Cover Sheet when he filed his Original Complaint.

## II.     Statement of the Issue Presented

The only issue presented is whether the Court should apply the Fifth Circuit's "first-to-file" rule and transfer this case to the United States District Court for the Western District of Pennsylvania, where several of Defendants' former employees filed a "substantially similar" FLSA collective before Plaintiff filed this one. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (explaining that under the first-to-file rule, the key question is whether the two cases at issue might be substantially similar).[1] Although granting a venue transfer is typically within the discretion of the district courts, when the first-to-file rule applies, only "compelling circumstances" warrant denying the transfer. *See Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971).

## III.    Background

Defendants provide a variety of oil field services, including coil tubing, to customers in various states. Warrior Energy Services Corporation and later Integrated Production Services, Inc. employed Plaintiff Jack Hagans as an operator in Belle Vernon and Williamsport, Pennsylvania from October 18, 2010 to March 10, 2013. *See* Defs' Exhibit A, at ¶ 3 (Affidavit of Ginger Smith), indicating that Plaintiff worked for

---

[1] Because Defendants are relying solely on the first-to-file rule, the Section 1404(a) convenience factors, which typically guide courts in their analysis of venue transfer motions, are inconsequential. *See White v. Peco Foods, Inc.*, 546 F. Supp. 2d 339, 342 (S.D. Miss. 2008) ("As other district courts have pointed out, a motion to transfer pursuant to the first-to-file rule does not depend on the presence or absence of the § 1404(a) considerations.").

Defendants exclusively in Pennsylvania during the time period in issue). On October 17, 2014, Plaintiff filed this suit, contending that he worked in excess of 84 hours a week but was not paid overtime compensation until 2013. Docket Entry No. 1 ¶ 6. The case was reassigned to this Court after Judge Atlas issued a recusal order. *See* Docket Entry No. 11.

About a year and a half ago, on May 17, 2013, several of Defendants' former employees in Pennsylvania filed suit in the United States District Court for the Western District of Pennsylvania, also contending, like Plaintiff, that Defendants failed to pay them overtime wages from 2010 through 2012 in violation of the FLSA. *Dunkel v. Superior Energy Servs. et al.*, ("*Dunkel*"), Case No. 2:13-cv-00695-MRH, Docket Entry No. 1 (W.D. Pa.) (Plaintiffs' Original Complaint); *see Dunkel*, Plfs' Second Amended Complaint, Defs' Exhibit B at ¶¶ 41, 42 (alleging that "none of the Plaintiffs has been paid overtime at any rate . . . before November 2012," even though "[a]ll of the Plaintiffs have regularly worked far in excess of 40 hours per workweek."). Several of those plaintiffs also worked as coil tubing operators. *See id.* ¶¶ 4, 6, 7, 12, 13, 16 (different individual plaintiffs alleging that they worked as coil operators for Defendants). A motion for conditional certification in *Dunkel* has been briefed, *see Dunkel*, Docket Entry No. 51, and was orally argued on September 29, 2014. It is currently pending before the federal district judge in Pennsylvania.

## IV. Argument

This case belongs in the United States District Court for the Western District of Pennsylvania. The Fifth Circuit's first-to-file rule—a rule "grounded in principles of sound judicial administration"—calls for the following protocol: "[W]hen related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). Thus, when "a party moves to transfer under the first-to-file rule, the second-filed court must examine the two pending cases to see if the subject matter 'might substantially overlap.'" *White v. Peco Foods, Inc.*, 546 F. Supp. 2d 339, 342 (S.D. Miss. 2008) (quoting *Cadle Co.*, 174 F.3d at 606). The rule does not require "that cases be identical," but there must be a "substantial overlap" in the issues and parties. *Id.* (quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)). If that substantial overlap exists, "the proper course of action is for the second-filed court to transfer the case" to the first-filed court. *Id.* (citation and alterations omitted). The first-filed court—in this case the Western District of Pennsylvania—"can then decide 'whether the second suit filed must be dismissed, stayed, or transferred and consolidated.'" *Id.* (quoting *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997)).

These two cases—*Hagans* and *Dunkel*—meet the "substantial overlap" standard on the plain face of the two complaints. *Compare Hagans*, Docket Entry No. 1 (Plaintiff's Original Complaint), *with Dunkel*, Defs' Exhibit B (Plaintiffs' Second

Amended Complaint). The subject matter is the same; both actions seek unpaid overtime wages. The underlying factual allegations are the same; coil tubing operators (among other classes of workers in the collective action) who worked in oilfields while based in Pennsylvania claim that they were improperly denied overtime wages for the time period beginning in 2010 and ending in 2012. The Defendants are the same; both Defendants here are also being sued in the Pennsylvania case.[2] Moreover, plaintiffs in *Dunkel* assert a Rule 23, opt-out class action claim alleging violations of the Pennsylvania overtime pay law. *See Dunkel*, Defs' Exhibit B at ¶¶ 86–99. Plaintiff Jack Hagans worked for the Defendants in Pennsylvania within the relevant period of time, and thus is within the *Dunkel* Rule 23 class as defined if it is certified to proceed. Transferring this case will thus "avoid the waste of duplication; "avoid rulings which may trench upon the authority of sister courts;" and "avoid piecemeal resolution of issues that call for a uniform result." *See Save Power Ltd.*, 121 F.3d at 950 (listing the rationales for the rule).

Indeed, courts in this Circuit have thus routinely transferred second-filed FLSA cases like this one, and in decisions typically spanning only two or three pages. *See, e.g., Benavides v. Home Depot USA, Inc.*, No. H-06-0029, 2006 WL 1406722, at *2 (S.D. Tex. May 19, 2006) (Atlas, J.) (transferring second-filed FLSA case because the "collective action claims in this case are identical to the [] collective action claims currently pending in the earlier-filed case in New Jersey"); *Peco Foods*, 546 F. Supp. 2d

---

[2] Defendants' parent company, Superior Energy Services, Inc., was also, for a time, a defendant in the Pennsylvania case, but the plaintiffs voluntarily dismissed their claims against Superior. *See Dunkel*, Docket Entry No. 19. Thus, as in this case, only Integrated Production Services, Inc. and Warrior Energy Services Corporation remain defendants in the Pennsylvania case.

at 342–43 (concluding that issues in first-filed FLSA case would also need to be decided in second-filed one, and thus transferring the case to avoid the "risk [of] contradictory decisions on the same subject matter"); *Young v. Lefleur Transportation of Tupelo*, No. 402CV199DA, 2002 WL 31992189, at *2 (N.D. Miss. Nov. 18, 2002) (transferring second-filed FLSA collective action after observing that "it is undisputed that the issues and claims asserted in the two lawsuits are identical, counsel for the parties are the same, and all the Defendants in this action are Defendants" in the first one). *See also, e.g., Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 689–90 (E.D. Tenn. 2005) ("That the collective classes in each action will ultimately contain different individuals if both actions proceed is of little significance. For if both actions proceed, the same individuals could receive two opt-in notices for the same claim but in different courts. That such a confusing result could occur evidences that the collective classes are substantially similar.").

Nothing about the facts in *Hagans* warrants a different outcome. The collective action in Pennsylvania, which will ultimately resolve the same issues that Plaintiff raises in this Court, is well underway. Those issues need not be litigated twice. Instead, this case should be transferred to the United States District Court for the Western District of Pennsylvania, where the district court there, in its discretion, can stay this case, dismiss it, or consolidate it with the earlier-filed one. *See Sutter Corp.*, 125 F.3d at 920.

## V. Conclusion

Therefore, Defendants request that the Court transfer this case to the United States District Court for the Western District of Pennsylvania pursuant to the first-to-file rule.

.

        Respectfully submitted,

        By: */s/ William John Bux*
            WILLIAM JOHN BUX
            State Bar No. 03546400
            Southern District ID No. 7396
            LOCKE LORD LLP
            600 Travis Street, Suite 2800
            Houston, Texas 77002
            (713) 226-1275 (Telephone)
            (713) 229-2527 (Facsimile)
            bbux@lockelord.com

        ATTORNEY IN CHARGE FOR DEFENDANTS
        INTEGRATED PRODUCTION SERVICES, INC.
        AND WARRIOR ENERGY SERVICES
        CORPORATION

OF COUNSEL:

J. MICHAEL ROSE
State Bar No. 24041819
Southern District ID No. 36797
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1684 (Telephone)
(713) 229-2626 (Facsimile)
mrose@lockelord.com

## CERTIFICATE OF CONFERENCE

On December 12, 2014 I conferred with Rex Burch, counsel for Plaintiff, regarding the filing of this Motion. Plaintiff is opposed to this Motion.

/s/ *J. Michael Rose*
J. Michael Rose

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2014, a true and correct copy of the above and foregoing instrument was served upon counsel of record through the Court's electronic filing system.

Michael A. Josephson
FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON, L.L.P.
1150 Bissonnet
Houston, Texas 77005

Richard J. Burch
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

/s/ *William John Bux*
William John Bux